UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDINA PROPERTY LLC,<br><br>Plaintiff,<br><br>v.<br><br>LAURA-ELIZABETH FOX, et al.<br><br>Defendants. | Case No. 21-cv-06608-AGT<br><br>**ORDER TO SHOW CAUSE RE: LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 1, 4 |

This matter was opened and assigned to the undersigned after Laura Fox and Beth Fox removed two related cases to federal court. Both cases were filed in California Superior Court by Andina Property LLC, an entity that purchased, in a foreclosure sale, property once owned by the Foxes. In the first case, Andina sued the Foxes for unlawful detainer after they refused to leave the property. *See* Dkt. 1-1 at 1–10. In the second, Andina petitioned for a writ of mandate, seeking a writ that would require the Sheriff of San Francisco to remove the Foxes from the premises.

This is the third time that the Foxes or someone on their behalf has removed the first case. *See Andina Property LLC v. Fox*, 20-cv-00320-PJH (JSC); *Andina Property LLC v. Fox*, 19-cv-06168-JCS. On both prior occasions, the case was remanded to state court due to a lack of federal subject-matter jurisdiction. After a district court remands a case, the defendant may file another removal petition only "when subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (simplified). Here, no new and different ground for removal has been identified, *compare* Dkt. 1 at 3–5, *with* 19-cv-06168-JCS, Dkt. 1 at 2–4, so once again federal subject-matter jurisdiction is lacking.

As for the second case, the petition for a writ of mandate,[1] the Foxes base federal subject-matter jurisdiction on 28 U.S.C. §§ 1331, 1332, and 1333. None of these sections apply.

---

[1] In California, a petition for a writ of mandate, "unlike a postjudgment motion," is "an independent proceeding that vests the [state] trial court with jurisdiction to act." *People v. Picklesimer*, 48 Cal. 4th 330, 339 (2010).

*Section 1331*: District courts have jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. But the petition for a writ of mandate doesn't arise under federal law; it arises under state law. *See* Cal. Civ. Proc. Code § 1085. The Foxes say the petition arises under federal law because they intend to invoke various federal laws in defense. That isn't good enough, however, because a case "may *not* be removed to federal court on the basis of a federal defense." *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

*Section 1332*: District courts have jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). When proceeding under § 1332, the removing party must satisfy both the citizenship and amount-in-controversy requirements. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, putting aside the amount in controversy, the Foxes haven't met their burden of establishing diversity of citizenship. They haven't "allege[d] affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857.

*Section 1333*: District courts have jurisdiction over admiralty and maritime cases, and over proceedings involving prizes brought into the United States. *See* 28 U.S.C. § 1333. But the petition for a writ of mandate doesn't fit within any of these categories.

Because subject-matter jurisdiction is lacking, the undersigned intends to refer the Foxes' cases to a district judge with a recommendation that the cases be remanded to state court. Before taking that step, the undersigned will permit the Foxes to respond to this order, explaining why their cases shouldn't be remanded. Their response is due by December 20, 2021.[2]

**IT IS SO ORDERED.**

Dated: December 6, 2021

ALEX G. TSE
United States Magistrate Judge

---

[2] Before the date of this order, the Foxes filed a "motion to enforce the automatic stay." Dkt. 4. That motion is denied without prejudice. The Foxes may refile it if they demonstrate that the Court has subject-matter jurisdiction.

2